UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GRADY, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SALVERIA,<br><br>　　　　Defendant. | Case No. 1:12-cv-00882 DLB PC<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

　　　　Plaintiff Charles Grady, Jr. ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.[1]

　　　　On July 31, 2013, the Court ordered Plaintiff to respond to an April 29, 2013, Order to Show Cause within twenty (20) days. Over twenty (20) days have passed and Plaintiff has not responded or otherwise contacted the Court.

　　　　Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). A court may dismiss an action, with prejudice, based on a party's failure to prosecute

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 14, 2012.

an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since May 30, 2012, and Plaintiff has not complied with the February 27, 2013, order to complete and return service documents. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's July 31, 2013, order expressly stated: "Failure to file a response will result in dismissal of this this action." Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY ORDERED that this action is DISMISSED for failure to obey the Court's July 31, 2013, order. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **September 12, 2013**                /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE